Filed 12/8/25  P. v. Johnson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH TERRELL JOHNSON,<br><br>Defendant and Appellant. | C101200<br><br>(Super. Ct. No. 05F06126) |

In 2006, defendant Joseph Terrell Johnson was convicted of first degree murder with special circumstances and sentenced to life in prison without the possibility of parole (LWOP) plus consecutive terms of 25 years to life for related firearm enhancements and 34 years four months for other convictions and enhancements.  In 2023, defendant moved for an evidence preservation proceeding and appointment of counsel pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) and *In re Cook*

1

(2019) 7 Cal.5th 439 (*Cook*). The trial court granted the motion and scheduled the *Franklin* proceeding.

Our Supreme Court decided *People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin I*) before the scheduled date. *Hardin I* rejected an equal protection challenge to the youth offender parole statute—Penal Code section 3051—by an offender sentenced to LWOP for special circumstance murder, but did not foreclose "other as-applied challenges" to the statute "based on particular special circumstances or the factual circumstances of individual cases."[1] (*Hardin I, supra,* at p. 864.) Defendant proposes to bring an as-applied challenge to section 3051 and urges us to reverse and remand the matter so he may present his arguments to the trial court. We agree with defendant that reversal is appropriate and remand with directions to give him an opportunity to demonstrate his eligibility for a *Franklin* hearing.

## I. BACKGROUND

Defendant and two confederates committed a series of robberies and attempted robberies of Sacramento area gas stations in 2005. (*People v. Johnson* (2010) 183 Cal.App.4th 253, 261.) Defendant shot and killed an attendant during the last attempted robbery. (*Ibid.*) Defendant was 18 years old at the time.

A jury found defendant guilty of first degree murder (§ 187, subd. (a)) and found true the special circumstance that the murder was committed during an attempted robbery (§ 190.2, subd. (a)(17)(A)). The jury also found defendant guilty of five counts of second degree robbery (§ 211) and two counts of attempted robbery (§§ 664/211), and found firearm and armed principal enhancements to be true (§§ 12022, subd. (a)(1), 12022.53, subds. (b) & (d)). The trial court sentenced defendant to LWOP for the special circumstance murder with an additional 25 years to life for the firearm enhancement

---

[1] Undesignated statutory references are to the Penal Code.

attached to the murder conviction, and an additional consecutive determinate term of 34 years four months for the remaining convictions and enhancements. Defendant appealed, and another panel of this court affirmed. (*People v. Johnson, supra*, 183 Cal.App.4th at p. 262.)

Fast forward to July 2023, when defendant filed an in propria persona motion for a *Franklin/Cook* proceeding to preserve mitigating evidence for use in a future youthful offender parole hearing and for appointment of counsel. Relying on *People v. Hardin* (2022) 84 Cal.App.5th 273 (*Hardin II*), defendant argued the Legislature had no rational basis for making young adult LWOP offenders ineligible for youth offender parole hearings while allowing young adult offenders serving the functional equivalent of LWOP sentences to seek such relief. The trial court appointed counsel and set the matter for a hearing on September 13, 2024.

Our Supreme Court reversed *Hardin II* on March 4, 2024, some six months before the date set for defendant's *Franklin/Cook* proceeding. (See *Hardin I, supra*, 15 Cal.5th 834.) The trial court entered an order referring to *Hardin I* and stating the court "no longer ha[d] authority to hold a *Franklin* hearing for a youthful offender sentenced to LWOP." The trial court then vacated the earlier order granting defendant's motion for a *Franklin/Cook* proceeding, denied the motion, and vacated all future court dates regarding the matter.

This appeal timely followed.

## II. DISCUSSION

Defendant argues section 3051's exclusion of young adult offenders sentenced to LWOP for murder in the commission of a robbery under section 190.2, subdivision (a)(17)(A) violates equal protection as applied to him. He directs our attention to *People v. Briscoe* (2024) 105 Cal.App.5th 479, in which the defendant successfully raised an as applied challenge to section 3051's exclusion of young adult offenders convicted of special circumstance murder under section 190.2, subdivision (d). (*Briscoe, supra*, at pp.

3

484-485.)  He also directs our attention to cases involving what are said to have been similar crimes by equally culpable offenders, who would now be eligible for parole while he is not.  (See, e.g., *People v. Fortman* (1967) 257 Cal.App.2d 45; *People v. Mulqueen* (1970) 9 Cal.App.3d 532; *People v. Carter* (2019) 34 Cal.App.5th 831.)  These authorities do not establish any violation of defendant's right to equal protection; they do, however, allow for the possibility that he might be able to develop one.

As mentioned, *Hardin I* forecloses any challenge to section 3051 "either on its face or as applied to [those] serving life without parole sentences for special circumstances murder" generally.  (*Hardin I, supra*, 15 Cal.5th at p. 839.)  But *Hardin I* leaves open the possibility that an LWOP offender might successfully advance "other challenges to the distinctions drawn by the special circumstances statute based on a more robust record or a more focused as-applied inquiry." (*Id.* at p. 862; see also *People v. Briscoe, supra*, 105 Cal.App.5th at p. 487.)  Defendant proposes to raise such an as-applied challenge here.

Defendant does not say much about the particulars of that as-applied equal protection challenge, and we are hard pressed to imagine it.  All the same, he should have been given an opportunity to present his as-applied challenge and any other arguments he believed would establish his eligibility for an evidence preservation proceeding in the wake of *Hardin I.*  We will remand for that purpose.

4

### III.  DISPOSITION

The trial court's May 20, 2024 order denying defendant's request for a *Franklin/Cook* proceeding is vacated.  The matter is remanded for further proceedings consistent with this opinion.

/S/

—————————————————
RENNER, J.

We concur:

/S/

—————————————————
ROBIE, Acting P. J.

/S/

—————————————————
WISEMAN, J.*

—————————————————

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.